UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO LUGO,

    Petitioner,

-vs-                                      Case No. 6:11-cv-106-Orl-36TBS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al., FLORIDA,

    Respondents.
_____/

## ORDER

This case is before the Court on Petitioner's amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 5). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 17). Petitioner filed a reply (Doc. No. 23) to the response.[1]

Petitioner alleges four claims for relief in his habeas petition: 1) his plea was involuntary; 2) trial counsel was ineffective for allowing him to enter an involuntary plea;

---

[1] Petitioner's initial reply (Doc. No. 20) was stricken. *See* Doc. No. 22.

3) trial counsel was ineffective for failing to investigate alibi witnesses; and 4) trial counsel was ineffective by creating a conflict that deprived him of his right to a jury trial.

I.   *Procedural History*

Petitioner was charged by indictment with first degree murder and kidnaping. Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of no contest to second degree murder and kidnaping. The trial court held a hearing on the plea and ultimately accepted it. However, Petitioner then filed a motion to withdraw the plea, and, after a hearing on the motion, it was denied. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of nineteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, raising three claims. The trial court entered an order denying claims one and three and held an evidentiary hearing on claim two. After the hearing, claim two was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

II.   *Legal Standards*

A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

---

[2] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[3] "[A] court must indulge a strong

---

court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[3]In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90.

III.  *Analysis*

A.  *Claim One*

Petitioner argues that his plea was involuntary. He provides little argument in support of this claim, although he indicates his intention to "restate[] the facts that were presented in his state court Motion to Withdraw Plea, the resulting evidentiary hearing, and . . . the initial brief filed in" the state appellate court. *See* Doc. No. 1 at 5.

Petitioner never presented this claim to the state courts in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Snowden*, 135 F.3d at 735 (holding

that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that the instant claim involved a violation of state law. Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted.

Moreover, since he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.[4] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is denied.

Alternatively, the Court finds that this claim is without merit. The record reflects that Petitioner understood the plea negotiations and the terms of the plea agreement prior to entering his plea. Petitioner was not misled or misinformed as to the sentence he would receive or as to the law, and every effort was made to help Petitioner understand his rights and options. Thus, Petitioner entered into his plea voluntarily and knowingly, and this

---

[4]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

claim is denied.

B.   *Claim Two*

Petitioner states that trial counsel was ineffective for allowing him to enter an involuntary plea. He states that he was not reasonably informed of the nature of the charges against him, the factual basis underlying the charges, or the legal options and alternatives that were available to him. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

Petitioner, in his sworn testimony during the plea colloquy, told the trial court that he understood the rights he was waiving and the consequences of his plea and that he was satisfied with the legal services provided by his counsel. *See* Appendix B, Transcript of Plea Hearing at 8-11. The trial court explained to Petitioner the nature of the charges, and Petitioner stated that he understood the charges and the factual basis for those charges. *Id*. at 8, 11-14. Petitioner also stated that he had not been threatened, coerced, or forced to enter his plea. *Id*. at 11. Further, an interpreter was provided on Petitioner's behalf. There is no question that Petitioner fully understood the consequences of his plea.

As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses in the state court or the weight his plea should be accorded in this Court.

7

The Court finds that there has been no showing that counsel acted deficiently or that Petitioner sustained prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Consequently, this claim is denied.[5]

C.   *Claim Three*

Petitioner alleges that trial counsel was ineffective for failing to investigate alibi witnesses. This claim was raised in Petitioner's Rule 3.850 motion and was denied; however, this claim was not raised in the subsequent appeal of the denial of Rule 3.850 relief.

The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also, Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

The Supreme Court of the United States has recently held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1)

---

[5]Although Petitioner mentions that the date of the plea hearing differs from the date the plea agreement was signed, it is clear from the record that both matters occurred on the same date.

"the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). However, the *Martinez* decision "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id*. at 1320. Therefore, Petitioner cannot demonstrate cause based on the alleged ineffectiveness of postconviction appellate counsel, and he has failed to demonstrate prejudice. Likewise, Petitioner has not shown the applicability of the actually innocent exception. As a result, this claim is denied.

D.   *Claim Four*

Petitioner contends that trial counsel was ineffective by creating a conflict that deprived him of his right to a jury trial. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

At the time Petitioner entered into his plea, he was represented by Steven Laurence and Jeffrey Deen. Prior to sentencing, Mr. Laurence filed a motion to withdraw Petitioner's plea. At the hearing on the motion to withdraw the plea, the trial court decided to appoint conflict counsel based on Petitioner's allegations that his attorneys had pressured and coerced him into entering the plea. *See* Appendix D, Transcript of Hearing at 35-36. The trial court indicated that conflict counsel was only appointed as to the motion to withdraw the plea. *Id*. at 36-37. John Woodward was then appointed to represent Petitioner at the

9

hearing on the motion to withdraw his plea.  The Court notes, however, that Mr. Woodward also represented Petitioner at sentencing.

"In order to establish an ineffective assistance of counsel claim arising from an alleged conflict of interest, a defendant 'must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987) (quoting *Oliver v. Wainwright*, 782 F.2d 1521, 1524 (11th Cir. 1986)). A potential, speculative, or hypothetical conflict is insufficient.  *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).  However, the mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction."  *Cuyler*, 446 U.S. at 350.

In this case, the record fails to demonstrate that any of Petitioner's trial counsel actively represented conflicting interests.  Petitioner raises vague and conclusory allegations of a conflict of interest, which are devoid of any supporting factual allegations and do not demonstrate a conflict of interest.  The mere fact that Mr. Woodward was appointed to represent Petitioner at the hearing on the motion to withdraw his plea does not demonstrate a conflict of interest existed at any other time in his criminal proceedings. Petitioner's vague and conclusory allegations fail to establish that any of his counsel actively represented conflicting interests or that the conflict of interest adversely affected his counsel's performance.  Hence, this claim is without merit.

Further, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent.  Nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 5) filed by Ricardo Lugo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 16th day of January, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 1/16
Counsel of Record
Ricardo Lugo